UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM H. TAYLOR ] | | |
|     Plaintiff, ] | | |
| ] | | |
| v. ] | No. 3:07-0953 | |
| ] | Campbell/Brown | |
| HOWARD CARLTON, et al. ] | | |
|     Defendants. ] | | |

To:     Honorable Todd Campbell, Chief District Judge

### REPORT AND RECOMMENDATION

By an order (Docket Entry No. 2) entered September 27, 2007, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court are the defendants' Motion for Summary Judgment (Docket Entry No. 12), a Motion for Summary Judgment on Behalf of Renee Quaintance[1] (Docket Entry No. 15) and plaintiff's Response to the Summary Judgment Motions (Docket Entry No. 18).

After a thorough review of these pleadings and the record in this case, the undersigned finds merit in the defendants' Motions for Summary Judgment. Accordingly, it is respectfully

---

[1] Ms. Quaintance is a Hearing Officer for the Tennessee Board of Pardon and Parole. She was not specifically identified as a defendant in the complaint but has been served with process. *See* (Docket Entry No. 9).

1

recommended, for the reasons stated below, that both Motions for Summary Judgment be granted and that this action should be dismissed.

## I. Background

The plaintiff, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Howard Carlton, Warden of the prison; Robert Cooper, Jr., Attorney General for the State of Tennessee; and the Tennessee Board of Pardon and Parole; seeking injunctive relief and damages.

On September 6, 1985, the plaintiff was convicted of two counts of aggravated rape. For these crimes, he received consecutive sentences of twenty four (24) years in prison. The plaintiff was sentenced as a Standard Range One offender, making him eligible for early release from prison after serving 30% "of the actual sentence imposed." Tenn. Code Ann. § 40-35-501(c).[2]

The plaintiff has met with the Parole Board on four separate occasions.[3] Each time, the Parole Board denied his bid for early release. In his complaint (Docket Entry No. 1), the plaintiff challenges the defendants' actions in delaying his early release from prison. More specifically, the plaintiff alleges

    1)    that the Tennessee Department of Correction (TDOC) has improperly "stacked" his sentences, with the effect of miscalculating his true release eligibility date; and

    2)    the defendants have violated the prohibition against ex

---

[2] All parties agree that, at the time of his conviction and sentencing, the plaintiff was subject to the provisions of the Criminal Sentencing Reform Act of 1982. Docket Entry No. 18; Exhibit E.

[3] Hearings to determine the plaintiff's fitness for early release were held on March 20, 1995, May 6, 1998, May 6, 2003 and August 30, 2005. Affidavit of Gayle Barbee, Docket Entry No. 13-2.

2

post facto laws by now requiring four affirmative votes from the Parole Board for early release, whereas only three votes were needed when he was first sent to prison.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to

3

present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968).

### III. Analysis of the Claims

This action is being brought pursuant to 42 U.S.C. § 1983. In order to state a claim under this statute, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

**A.)    Claims Against Howard Carlton and Robert Cooper, Jr.**

The plaintiff attempts to impose liability on the Warden (Carlton) and the Attorney General (Cooper) for not overseeing subordinates charged with the calculation of his release eligibility date and parole decisions. Docket Entry No. 18 at pg. 10. However, the plaintiff can not sue these defendants solely because of their status as supervisors or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983).

Here, the plaintiff has acknowledged that Warden Carlton "has no authority over sentence structure or parole decisions." Docket Entry No. 18 at pg. 6. Nor is there anything in the complaint to suggest that Attorney General Cooper is involved in any way with the calculation of the plaintiff's sentence or the decision to grant him parole. No persons acting under the direct supervision of either

4

of these defendants have been identified as participants in these types of decisions affecting the plaintiff. Consequently, the plaintiff has failed to state a claim against Warden Carlton or Attorney General Cooper upon which relief can be granted.

**B.)     Claims Against Renee Quaintance**

Renee Quaintance was the Hearing Officer at the plaintiff's Parole Hearing held on May 6, 2003. Docket Entry No. 13-2 at pg. 4. She was never named as a defendant to this action. Nor was she even mentioned by name in the complaint. Nevertheless, the plaintiff had Ms. Quaintance served with process. Docket Entry No. 9.

In response, Ms. Quaintance has filed a Motion for Summary Judgment (Docket Entry No. 15). In the absence of anything from the plaintiff to suggest misconduct on the part of Ms. Quaintance, the plaintiff has failed to state an actionable claim against her and summary judgment would be appropriate.

**C.)     Claims Against the Tennessee Board of Pardon and Parole**

The plaintiff has claimed that his sentences were improperly "stacked". More precisely, he explains that "in dispute is the T.D.O.C. calculation of release eligibility dates as the T.D.O.C. has taken count one twenty-four year sentence at 30% and count two twenty-four year sentence at 30% and without legal authorization from the Sentencing Court, stacked the two sentences to reflect a total maximum sentence of 48 years (Forty-Eight) and then applied a percentage of 30%." Docket Entry No. 18 at pg. 2.

Initially, as noted by the plaintiff above, the Tennessee Department of Correction rather than the Tennessee Board of Pardon and Parole is the agency charged with the task of calculating a prisoner's release eligibility date. *See generally* Tenn. Code Ann. § 40-35-501. The Tennessee

5

Department of Correction is not being sued by the plaintiff. Thus, with regard to the allegation of "stacked" sentences, the plaintiff has failed to state a claim against the Tennessee Board of Pardon and Parole. Nevertheless, having independently calculated the plaintiff's release eligibility date, as prescribed by state statute, the undersigned finds that the plaintiff's release eligibility date was not miscalculated by the Tennessee Department of Correction as alleged.

The Criminal Sentencing Reform Act of 1982, which was in effect at the time the plaintiff was sentenced, states in relevant part

> (g) The release eligibility date provided for herein shall be separately calculated for each offense for which a defendant is convicted. *For consecutive sentences, the periods of ineligibility for release shall be calculated for each sentence and shall be added together to determine the release eligibility date for the consecutive sentences.* (emphasis added).

Tenn. Code Ann. § 40-35-501; Docket Entry No. 18; Exhibit E.

Two hundred eighty eight (288) months constitute a twenty four year sentence (24 x 12). Thirty percent of such a sentence is 86.4 months, which converts to 7.2 years. Having two consecutive twenty four year sentences, the plaintiff was required to serve 7.2 years x 2, or a total of 14.4 years before being eligible for parole. The plaintiff claims that the Tennessee Department of Correction erred by adding the two sentences together before calculating 30% to arrive at his release eligibility date. But, even if this is true, the result is the same.[4] Thus, the plaintiff's stacking

---

[4] 48 years consists of 576 months (48 x 12). 576 months x .30 = 172.8 months. When divided by 12 months in a year, 172.8 months equals 14.4 years. The plaintiff was convicted on September 6, 1985. After the plaintiff was given credit for pre-conviction confinement, his sentence began to run as of November 7, 1984. 14.4 years from that date gave the plaintiff a release eligibility date of April 1, 1999. This was the date recognized by the Tennessee Department of Correction as the plaintiff's initial release eligibility date. Affidavit of Candace Whisman; Docket Entry No. 13-1 at pg. 1.

claim has no merit and is subject to dismissal.

On four separate occasions, the plaintiff has met with the Parole Board. Each time, he was denied an early release from prison. The plaintiff claims that the Tennessee Board of Pardon and Parole violated his right to due process and the prohibition against ex post facto laws by requiring him to obtain four rather than three favorable votes for release.

A prisoner plaintiff may utilize 42 U.S.C. § 1983 to challenge procedures used to determine parole suitability when he is not seeking an immediate entitlement to release or a shorter sentence. Dotson v. Wilkinson, 329 F.3d 463, 472 (6th Cir. 2003). A § 1983 challenge, however, is subject to a one year period of limitation. Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986). The plaintiff last met with the Parole Board on August 30, 2005. Affidavit of Gayle Barbee; Docket Entry No. 13-2. The plaintiff was informed on September 21, 2005 of the Board's decision to deny him parole once again. Id. at pg. 7. This action was filed on September 26, 2007, more than a year beyond the expiration of the limitation period. Consequently, any claims brought under § 1983 challenging the procedures used to deny the plaintiff parole are untimely.[5]

### RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the defendants' Motions for Summary Judgment (Docket Entry Nos. 12 and 15) be GRANTED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court

---

[5] In any event, the plaintiff never received three favorable votes for parole. Affidavit of Gayle Barbee; Docket Entry No. 13-2 at pgs. 3-6. Therefore, it is doubtful that he has standing to raise this particular claim.

7

within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Joe B. Brown
United States Magistrate Judge