UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


WILLIAM TAYLOR                        )
                                      )
                                      )
v.                                    )         NO. 3:07-0953
                                      )
HOWARD CARLTON, et al.                )


ORDER

Pending before the Court is a Report and Recommendation issued by the Magistrate Judge (Docket No. 20). In his Report, the Magistrate Judge recommends that the Defendants' Motion For Summary Judgment (Docket No. 12) and Motion for Summary Judgment On Behalf Of Renee Quaintance (Docket No. 15) be granted and this action be dismissed. The Plaintiff has filed an Objection To U.S. District Magistrate Judge Joe B. Brown's Report And Recommendation To Dismissal Of This Action (Docket No. 22).

Through the Objection, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his ex post facto claims on statute of limitations grounds because those claims were raised by Plaintiff in a previously-filed action. In the Report and Recommendation, the Magistrate Judge explained that the Plaintiff last met with the Parole Board on August 30, 2005, and therefore, his ex post facto challenge to the procedures of the Parole Board was barred by the one-year statute of limitations for Section 1983 actions as his Complaint in this case was not filed until September 26, 2007. The Court has reviewed the previous actions filed by the Plaintiff, and to the extent Plaintiff's current ex post facto claims can be characterized as the same claims as those raised in an earlier action, Plaintiff's earlier lawsuits do not bar application

of the statute of limitations here.

Plaintiff was advised by the Sixth Circuit Court of Appeals, as early as November 29, 2005, that his ex post facto claims should be brought in a Section 1983 action or an action brought under 28 U.S.C. § 2241, rather than an action under 28 U.S.C. § 2254:

> Taylor's § 2244 motion as to claims 3 and 4 is denied as these claims are not cognizable in a § 2254 petition. However, these claims may be cognizable in other contexts. Generally, a prisoner may seek habeas corpus relief pursuant to 28 U.S.C. § 2241 where the prisoner challenges the execution of a sentence rather than the validity of a conviction or sentence. . . Furthermore, an ex post facto challenge to new parole procedures is cognizable in a civil rights action under 42 U.S.C. § 1983. . . Accordingly, Taylor may still be able to have the merits of claims 3 and 4 considered in federal court.

(Order, at 3 (6th Cir. Nov. 29, 2005)(Docket No. 28 in Case No. 3:04-00352)). As noted above, Plaintiff filed the current action raising the ex post facto claims under Section 1983 on September 26, 2007 over one year after being advised by the appeals court as to the appropriate procedure for raising his claims.[1] Thus, the Court concludes that the Magistrate Judge properly applied the statute of limitations bar to Plaintiff's ex post facto claims.

The Court has independently reviewed the Magistrate Judge's findings and conclusions, the objections, and the entire record. The Plaintiff's objections are without merit and overruled

---

[1] To the extent Plaintiff is relying on the Tennessee Savings Statute, Tennessee Code Annotated 28-1-105(a), to challenge application of the statute of limitations, his delay in filing the current action renders the statute inapplicable. For the statute to apply, Plaintiff would have had to file this action within one year of the Sixth Circuit's order:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff. . .. may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a).

The Report and Recommendation is ADOPTED and APPROVED. Accordingly, the

Defendants' Motion For Summary Judgment (Docket No. 12) and Motion for Summary

Judgment On Behalf Of Renee Quaintance (Docket No. 15) are GRANTED and this action is

DISMISSED.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE